NOT DESIGNATED FOR PUBLICATION

No. 118,263

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

CHRISTOPHER LEE STEPHENS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Labette District Court; JEFFRY L. JACK, judge. Opinion filed January 11, 2019. Sentence vacated and case remanded with directions.

*Dale T. Callahan*, deputy county attorney, and *Derek Schmidt*, attorney general, for appellant.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellee.

Before HILL, P.J., BUSER, J., and SIDNEY R. THOMAS, District Judge, assigned.

PER CURIAM: The State of Kansas appeals the Labette County District Court's downward departure sentence for Christopher Lee Stephens. The State argues that the sentencing court erred by failing to notify the parties of its intent to depart beyond the terms of the plea agreement and abused its discretion in the extent of the departure. Stephens responds that the State was not entitled to notice beyond the defense motion for downward departure and that the departure was a reasonable exercise of the sentencing court's discretion. We find there was legal error that requires us to vacate the sentence and remand for resentencing in accordance with this opinion.

1

On May 17, 2016, Labette County Corrections Officer Ty Gatton smelled marijuana coming from a cell. Officer Gatton searched Stephens because he was one of the occupants of the cell. A makeshift pipe made from a rolled-up playing card that contained residue was located from the search. Subsequent testing indicated the residue was THC.

The State filed a complaint charging Stephens with trafficking in contraband in a correctional facility in violation of K.S.A. 2015 Supp. 21-5914(a)(1) and (b)(2)(A) and possession of tetrahydrocannabinol in violation of K.S.A. 2015 Supp. 21-5706(b)(7).

As part of plea negotiations, the parties reviewed Stephens' criminal history report. The report indicated that Stephens had a criminal history score of A. Trafficking in contraband is a severity level 5 nonperson felony if the contraband is a controlled substance such as marijuana. See K.S.A. 2015 Supp. 21-5914(b)(2)(A). The standard sentence in box 5A on the nondrug sentencing grid is 130 months' presumptive prison. K.S.A. 2015 Supp. 21-6804(a).

In plea negotiations, the parties agreed that Stephens would plead guilty or no contest to trafficking in contraband in a correctional facility. In exchange, the State agreed to dismiss the possession charge and recommend a downward durational departure to the standard sentence in the 6A box on the nondrug grid, which is 43 months' imprisonment. The parties prepared and executed a written plea agreement. The State signed the agreement, which contained the standard disclaimer that the judge was "not bound by the terms of any plea agreement in regards to sentencing recommendations."

Later that day, Stephens entered a plea of no contest pursuant to the plea agreement. The State dismissed the possession charge pursuant to the plea agreement. The district court accepted the plea and found Stephens guilty of trafficking in contraband in a correctional facility, a severity level 5 nonperson felony. The district

court ordered a presentence investigation (PSI) report and set the matter for sentencing. As part of the PSI report, the investigator asked Stephens about his crime of conviction and his role in it:

> "When asked to list his version of the present offense, Mr. Stephens stated 'The[re] was wee[d] smoking going on. The jailer, came back and I grabbed the homemade pipe that was made in the cell and put it in my waistband and got stripped out I got caught with it.'
> "When asked what extent do you admit responsibility for the present offense Mr. Stephens stated 'For grabbing the homemade pipe.'
> "When asked to describe his reason for committing the present offense Mr. Stephens stated 'I was already locked up and the guy who came in 4 days before this happened had brought the wood and matches in so when they smoked I did to[o]. And I grabbed the cell made pipe and was the only one who got into trouble. I was under a lot. And made poor judgement [*sic*]. And now have to pay for it. Which I feel is a lot of time.'"

Stephens filed a motion for a downward durational departure from a presumptive sentence of 130 months to a sentence of 43 months. The motion cited five factors for the departure:

- the amount of marijuana involved;
- the lack of harm to persons or property;
- the length of Stephens' existing prison sentence and his otherwise good behavior;
- the State had agreed to the durational departure of 43 months;, and
- that a consecutive sentence of 43 months is a very significant punishment for the crime that was committed.

No other motions or objections were filed.

3

Stephens' sentencing hearing was on June 29, 2017. His criminal history score was A. The State explained the rationale behind the agreed departure, stating that it was "[b]ased on, I guess equitable factors," and made no argument either against the departure motion or in favor of an aggravated sentence. Stephens' counsel responded:

> "I know he knew better and he regrets this, of course very much, and it was a very very very small amount of marijuana, but it was a violation. Having it in the jail is obviously significant so we would ask that you show some leniency on him. We think the 43 months is a lot, you know, also to serve for this. But at the same time, we appreciate the leniency shown by the County Attorney in agreeing to it also."

Stephens declined to speak on his own behalf.

In sentencing Stephens, the court said it was "troubled even by 43 months for this offense." The sentencing court then compared the crime of conviction—trafficking in contraband—to other crimes such as involuntary manslaughter (severity level 5), aggravated assault with a deadly weapon (severity level 7), aggravated battery with a deadly weapon (severity level 7), and aggravated assault with a deadly weapon on a law enforcement officer (severity level 6). The sentencing court concluded: "[T]he guidelines are saying . . . that being caught with a marijuana smoking device, with a little bit of residue in it, should be punished the same as shooting at a law enforcement officer. I just don't think that's . . . right." The court went on to compare the crime of conviction to other severity level 5 crimes, including sexual relations by a jailer with an inmate, aggravated sexual battery, and certain indecent liberties with a child.
In conclusion the sentencing court said, "I just don't think this rises to that level" and "I think I have to use my judgment and temper what I think would be a[n] inequitable and unjust application of the law to the particular facts in this case." The district court sentenced Stephens to 16 months in prison. After pronouncing the sentence, the sentencing court said, "[A]nother factor that entered into my consideration here was that Mr. Stephens has taken responsibility for his actions."

4

Neither party objected at the sentencing hearing. The State later filed a notice of appeal.

*Notice of Intent to Depart*

The State argues the sentencing court was required to give notice to the parties that it was going to depart differently than the downward durational departure the parties agreed to in their plea agreement. Stephens argues that the State did not preserve this argument for appeal. Stephens alternatively argues the State had notice of his motion for departure and no additional notice was required for the court to depart differently than the plea agreement of the parties.

The general rule is that issues not raised before the trial court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014) (failure to advise defendant of possible juvenile sentencing may not be raised for the first time on appeal); *State v. Cheffen*, 297 Kan. 689, 698, 303 P.3d 1261 (2013) (whether a trial judge failed to comply with K.S.A. 22-3421 to confirm the jury's verdict may not be raised for the first time on appeal).

Moreover, Supreme Court Rule 6.02(a)(5) (2018 Kan. S. Ct. R. 34) requires an appellant to explain why an issue that was not raised below and should be considered for the first time on appeal. That rule requires issues to be separate and begin with a citation to the appropriate standard of appellate review. In *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014), the Supreme Court held that litigants who fail to comply with this rule risk a ruling that the issue is improperly briefed, and the issue will be deemed waived or abandoned. Thereafter, the Supreme Court held that Rule 6.02(a)(5) would be strictly enforced. *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015).

5

The State did not raise this issue before the sentencing court and in its brief for this appeal did not explain why it was not raised at sentencing. Moreover, the State did not cite any specific standard of appellate review for this issue. Finally, the State offered no response to Stephens' argument that no additional notice is required if a sentencing court intends to go beyond the recommended length of a properly filed departure request by one of the parties. For all these reasons, we find the State has not properly briefed this issue and we deem that the State has waived or abandoned it. *Williams*, 298 Kan. at 1085.

*Abuse of Discretion in Departure Sentence*

The State claims the sentencing court abused its discretion in departing beyond the agreement of the parties. The State primarily asserts there were not adequate departure factors cited on the record by the sentencing court. More specifically, the State argues the sentencing court inappropriately relied on a comparison to other crimes, or its disagreement with where the crime should fit into the sentencing guidelines, as a basis for departing. The State further argues the only other factor cited by the sentencing court was not supported by the record. Finally, the State asserts the amount of the departure by the sentencing court was arbitrary, unreasonable, and an abuse of discretion.

Since the State did not object at sentencing or adequately explain why it did not object, Stephens argues the State again failed to preserve this issue for appeal. Stephens further argues the sentencing court did state substantial and compelling reasons for the departure on the record and the sentence imposed was reasonable given the facts of the case. Concerning whether this issue is properly before us, we note that K.S.A. 2015 Supp. 21-6820(a) explicitly grants both the State and a defendant the right to appeal a departure sentence. One exception to this right to appeal is a sentence that complies completely with a plea agreement between the parties. See K.S.A. 2015 Supp. 21-6820(c)(2); *State v. Cooper*, 54 Kan. App. 2d 25, 28, 394 P.3d 1194 (2017), *rev. denied* 306 Kan. 1322 (2017). In our present case, the sentencing court did not just follow the sentencing

6

recommendations agreed to in the plea—it granted a departure beyond the agreement of the parties.

Moreover, at the sentencing hearing, the State clearly indicated the reasons it believed the plea agreement should be followed. This is not an instance where an issue is being raised by a party "that was not contested in district court." See *State v. Brinklow*, No. 96,231, 2008 WL 940690, at *11 (Kan. App. 2018) (unpublished opinion), *rev'd on other grounds* 288 Kan. 39, 200 P.3d 1125 (2009). As a result, we find this issue is properly before us. The standard for reviewing departure sentences depends on the issue. *State v. Bird*, 298 Kan. 393, 397, 312 P.3d 1265 (2013). That case instructs:

> "When we consider whether the record supports an articulated reason for departing, we review for substantial competent evidence. In contrast, when we determine whether a particular factor can 'ever, as a matter of law, be substantial and compelling in any case,' our review is unlimited. Finally, when the record supports the articulated departure reasons and the articulated reasons are legally valid, we apply an abuse of discretion standard to determine whether a particular mitigating factor constituted a substantial and compelling reason to depart. [Citations omitted.]" 298 Kan. at 397-98.

When abuse of discretion is the standard, abuse occurs if the judicial action is:

> "(1) arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion; or (3) based on an error of fact, *i.e.,* if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based." *State v. Reed*, 302 Kan. 227, 249-50, 352 P.3d 530 (2015).

A sentence is to be within the standard range identified for that offense by the sentencing grid unless "substantial and compelling" reasons are set forth on the record to

depart. K.S.A. 2015 Supp. 21-6815(a); *Bird*, 298 Kan. at 397. Our Supreme Court has further instructed:

> "'To be substantial the reason must be real, not imagined, and of substance, not ephemeral.' A reason is 'compelling' when it 'forces the court, by the facts of the case, to abandon the status quo and to venture beyond the sentence that it would ordinarily impose.'
>
> "'Although K.S.A. 21-4716(c) [see K.S.A. 2015 Supp. 21-6815(c)] contains a list of potential departure factors, the list is nonexclusive, and a sentencing court can rely on nonstatutory factors to depart as long as the factors are consistent with the principles underlying the KSGA. Regardless of whether the district court cites statutory factors, nonstatutory factors, or a combination of both, "'[r]easons which may in one case justify departure may not in all cases justify a departure."' [Citations omitted.]" *Reed*, 302 Kan. at 250.

In summarizing the purpose of the Kansas Sentencing Guidelines Act (KSGA) our Supreme Court has said:

> "[T]he principal purpose in enacting the KSGA was to '"standardize sentences so that similarly situated offenders would be treated the same, thus limiting the effects of racial and geographic bias."' The sentencing guidelines attempt to accomplish this goal by applying two controlling factors to determine an offender's sentence for a felony conviction: the severity level of the current crime of conviction and the offender's criminal history score, which represents the number and severity of the offender's prior convictions and/or juvenile adjudications. [Citations omitted.]" *State v. Keel*, 302 Kan. 560, 574, 357 P.3d 251 (2015).

A fair reading of the sentencing transcript reveals that the primary reason the sentencing court granted the departure was what it viewed as an injustice of the severity level of this crime compared to what the court viewed as crimes that are more serious. Our appellate courts have been very clear that it is legal error for the sentencing court to depart from the standard sentencing range based on its view that the crime was

improperly classified. See *Reed*, 302 Kan. at 252 ("To the extent that the district judge relied on any disparity in the sentencing guidelines between the parole eligibility dictated for an attempted crime and a completed crime, it was legal error to do so"); *State v. Reed*, No. 115,013, 2016 WL 6396313, at *4 (Kan. App. 2016) (unpublished opinion) ("Here, obviously, the primary factor relied upon by the court is erroneous and cannot be the basis for a departure sentence. The judge once again used the disparity between an attempted and completed crime when he ruled that the degree of harm was less here . . . ."). See, e.g., *State v. Reed*, 248 Kan. 792, 798, 811 P.2d 1163 (1991) (The legislature has the exclusive role of providing for the punishment of convicted criminals.); *State v. Keeley*, 236 Kan. 555, 560, 694 P.2d 422 (1985) ("The power to prescribe the penalty to be imposed for the commission of a crime rests exclusively with the legislature, not the courts."); *State v. Heath*, 21 Kan. App. 2d 410, Syl. ¶ 5, 901 P.2d 29 (1995) ("A trial court's general disagreement with the Kansas Sentencing Guidelines Act and/or its belief that the legislature may have incorrectly classified a crime are not substantial and compelling reasons for entering a departure sentence.").

In short, we find the sentencing court committed legal error in using what it viewed as a disparity in the severity level of this crime as compared to other crimes as its primary basis to depart. That was an abuse of its discretion. See *Reed*, 302 Kan. at 250. After pronouncing the sentence, the district court said, "Another factor that entered into my consideration here was that Mr. Stephens has taken responsibility for his actions." When evaluating a defendant's acceptance of responsibility, a panel of this court has said, "[I]t does not appear that this factor, taken alone, rises to the level of a substantial and compelling justification for departure." *State v. Valanzuela*, No. 99,675, 2009 WL 1858236, at *6 (Kan. App. 2009) (unpublished opinion).

Here, the district court references the factor as an afterthought, immediately after pronouncing the sentence. The factor was not a substantial reason for the departure as there is no real articulation on the record of the basis for this factor. See *State v.*

*Blackmon*, 285 Kan. 719, 724, 176 P.3d 160 (2008) ("To be substantial the reason must be real, not imagined, and of substance, not ephemeral.").

In sum, the sentencing court committed legal error, which equates to an abuse of discretion, by departing downward based on what the sentencing court perceived as a disparity in the sentences set by the Legislature for different crimes. Moreover, since we find no substantial and compelling reasons are properly set forth in the record, we vacate Stephens' sentence and remand the case for resentencing consistent with this opinion. As a result, we do not need to address the State's final contention that the sentencing court abused its discretion in the amount it chose to depart beyond the plea agreement.

We vacate Stephens' sentence and remand with directions consistent with this opinion.