(901 P.2d 29)

No. 71,512

STATE OF KANSAS, *Appellant,* v. DANNY L. HEATH, *Appellee.*

Opinion filed August 4, 1995.

*Alan Hughes* and *Kevin C. Fletcher,* assistant county attorneys, *Timothy J. Chambers,* county attorney, and *Robert T. Stephan,* attorney general, for the appellant.

*David E. (Rick) Roberts,* of Dennis O. Smith, Chartered, of Hutchinson, for the appellee.

Before LEWIS, P.J., ROYSE, J., and BARRY A. BENNINGTON, District Judge, assigned.

BENNINGTON, J.: The district court granted a downward dispositional departure in sentencing defendant Danny L. Heath. The State appeals. We find no reversible error and affirm the trial court.

Heath drove a car involved in an accident in which passenger Kord Cole, a co-worker and friend, died. Heath's blood alcohol level was .151 percent. Heath pled no contest to charges of involuntary manslaughter, a severity level 5 person felony, in violation of K.S.A. 1993 Supp. 21-3404.

Heath filed a timely motion for departure, which the court heard at the sentencing hearing. At sentencing, Heath agreed to his criminal history classification being level "D." His criminal history consisted of: (1) residential burglary, a person felony juvenile adjudication, dated 12-7-78; (2) felony theft, a nonperson felony juvenile adjudication, dated 12-7-78; (3) three misdemeanor convictions for possession of marijuana, dated 9-11-80, 3-23-83, and 6-5-89; and (4) driving while his license was suspended, a nonperson misdemeanor, dated 11-14-90.

The court determined Heath's crime severity level and criminal history classification placed him in the 5-D box on the sentencing grid providing for presumptive imprisonment and a presumptive term of 50-55 months. The trial court, after hearing arguments of counsel and evidence on the issue of departure, imposed a dispositional departure sentence, giving Heath 50 months in prison but placing him on probation under the supervision of community corrections for a duration of 60 months. In the journal entry, the court stated the mitigating factors used as the basis for departure:

"The Court finds that the juvenile [adjudication] is in no way related to the present crime; furthermore, the victim's father testified that Defendant should not be incarcerated; furthermore, the victim's mother testified that Defendant did not intentionally kill her son; furthermore, the Court finds that of all the Level V crimes, the charge at issue does not require an intent to injure."

At the sentencing hearing, the trial court stated a more limited view:

"The nature of this case, the nature of the relationship between the parties and the disposition that has been indicated here is something that causes this court to feel that I'm compelled to depart from the standard. What I'm going to do, Mr. Heath, is I'm going to make it the sentence and order of this court that you be

taken by the Sheriff of Reno County and by him delivered to the Secretary of Corrections for a period of not less than 50 months. That's the minimum sentence the court can impose in this case.

"I am going to depart from that dispositionally. I am going to depart from that because I feel that there are mitigating factors that are substantial and compelling in nature, and those relate to the fact that at the age of 16 or 17 you committed what was now determined to be a person felony, a residential felony, and that is the factor that puts you in prison. And I find that that has nothing to do with the act that you stand before me today for. Because of the age of that case and because of the fact that there is absolutely no relation between that particular person felony on your record as a juvenile and because of the fact that they are totally unrelated, and I am going to depart and allow you to remain outside of prison."

In an appeal from a departure sentence, an appellate court must determine pursuant to K.S.A. 1993 Supp. 21-4721(d) whether the sentencing court's findings of fact and reasons justifying departure (1) are supported by substantial competent evidence and (2) constitute substantial and compelling reasons for departure as a matter of law. The applicable standard of review is keyed to the language of the statute: K.S.A. 1993 Supp. 21-4721(d)(1) requires an evidentiary test—are the facts stated by the sentencing court in justification of departure supported by the record? K.S.A. 1993 Supp. 21-4721(d)(2) requires a law test—are the reasons stated on the record for departure adequate to justify a sentence outside the presumptive sentence? *State v. Richardson,* 20 Kan. App. 2d 932, 901 P.2d 1 (1995).

"An appellate court's review pursuant to K.S.A. 1993 Supp. 21-4721(d) is limited to the findings of fact and reasons justifying departure specifically enunciated by the sentencing court. An appellate court reviewing a sentencing court's reasons for departure will not conduct a broader search of the record to examine all facts available to the sentencing court to determine whether there were substantial and compelling reasons for departure." 20 Kan. App. 2d 932, Syl. ¶ 3.

### Are the factors relied upon by the trial court supported by the evidence?

The standard of review requires substantial evidence to support the factors relied upon by the trial court in giving a departure sentence.

"Substantial evidence is 'evidence which possesses both relevance and substance, and which furnishes a substantial basis of fact from which the issues can reasonably

be resolved. Stated in another way, substantial evidence is such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion.' [Citations omitted.]" *Lansing-Delaware Water District v. Oak Lane Park, Inc.,* 248 Kan. 563, 572-73, 808 P.2d 1369 (1991).

There is substantial evidence in the record to support the factors cited by the trial court. First, the trial court considered the fact that the only person felony in Heath's criminal history occurred in 1978, approximately 16 years before the case presently before the court. Heath's presentence investigation report substantiated this fact.

Second, the trial court considered the fact that the victim's father testified Heath should not be incarcerated. The victim's father stated at the trial, "[T]here's no need that boy going to jail. He quit drinking. The accident's over. As far as I'm concerned, why, he's got a family to take care of."

Third, the trial court considered the fact the victim's mother testified defendant did not intentionally kill her son. In the "Victim Statement" filed by the victim's mother, she stated, "Danny didn't mean to kill Kord but he is responsible."

Also included in the journal entry of sentencing granting the dispositional departure was the court's observation that of all the severity level 5 crimes, Heath's charge did not require an intent to injure. In rendering its decision at the departure hearing, the trial court stated:

"And, you know, it is rather interesting when I look at all the level 5 crimes that are set out under that severity level. We look at aggravated abandonment of a child, robbery, aggravated sexual battery, abuse of a child, aggravated burglary, arson, criminal discharge of a firearm at occupied dwelling or vehicle—basically drive by shootings—resulting in bodily harm. So you have to do a drive by shooting, result in bodily harm. Aggravated battery with reckless and great bodily harm, indecent liberties, sexual exploitation of a child. All those things, and then we have involuntary manslaughter which used to be a class D felony under the old law. Most of those felonies that I've just read to you are Class C felonies. Those are higher level felonies than an involuntary manslaughter, but the legislature grouped those together."

The facts and reasons used by the trial court are supported by the evidence.

### *Are the factors cited by the trial court substantial and compelling reasons for departure?*

We review as a matter of law whether the factors used by the trial court were substantial and compelling reasons for departure. See *State v. Richardson*, 20 Kan. App. 2d 932, Syl. ¶ 1. "When determining a question of law, this court is not bound by the decision of the district court." *Memorial Hospital Ass'n, Inc. v. Knutson*, 239 Kan. 663, 668, 722 P.2d 1093 (1986). "This court's review of conclusions of law is unlimited." See *Gillespie v. Seymour*, 250 Kan. 123, 129, 823 P.2d 782 (1991).

In the case of downward departure, K.S.A. 1993 Supp. 21-4716(b)(1) provides a nonexclusive list of mitigating factors that may be considered in determining whether substantial and compelling reasons for a departure exist.

The Kansas Sentencing Guidelines Act incorporates a general definition of mitigating factors as "substantial and compelling reasons justifying an exceptional sentence whereby the sentencing court may impose a departure sentence outside of the standard sentencing range for an offense. Mitigating factors may result in dispositional or durational departures and shall be stated on the record by the court." K.S.A. 1993 Supp. 21-4703(o).

Here, the trial court considered factors not expressly listed in K.S.A. 1993 Supp. 21-4716(b)(1). By considering such factors, the trial court was using departure factors not employed in determining Heath's criminal history. Therefore, this court must decide whether these mitigating factors are substantial and compelling reasons to justify a downward departure.

### *Age and unrelatedness of previous convictions as a mitigating factor.*

The State argues the age and unrelatedness of Heath's criminal history is not a substantial and compelling reason to depart because the legislature intended that criminal history be considered. The legislature enacted a "decay" provision for certain juvenile adjudications, but K.S.A. 1993 Supp. 21-4710(d)(3) specifically states: "There will be no decay factor applicable for adult convictions." Furthermore, the legislature intended that "[a]ll juvenile adjudi-

cations which would constitute a person felony will not decay or be forgiven." K.S.A. 1993 Supp. 21-4710(d)(6).

There is a difference between determining the correct grid block for sentencing and the decision to deviate from the presumptive punishment with a durational or dispositional departure. The sentencing grids provide presumptive punishment for felony convictions, but the court may invoke judicial discretion to deviate from the presumptive punishment for substantial and compelling reasons based on evidence of aggravating or mitigating circumstances. K.S.A. 1993 Supp. 21-4704; K.S.A. 1993 Supp. 21-4716.

If for any reason trial courts are allowed to disregard prior convictions when determining the correct grid block for sentencing purposes, the legislative goal of uniformity in sentencing will be lost. Likewise, if trial courts are not allowed to consider the age and unrelatedness of prior convictions in determining whether a departure is justified, the legislative goal of preserving judicial discretion will be lost.

*State v. Richardson*, 20 Kan. App. 2d 932, held that the time elapsed between the defendant's last felony and the crime for which the defendant is to be sentenced may be a substantial and compelling reason for departure. We hold both the time elapsed between the last felony and the sentencing event and the similarity or relatedness of previous felonies and the sentencing event may be substantial and compelling reasons for departure. Whether the age and lack of similarity of Heath's prior offenses amounted to substantial and compelling reasons for departure must be viewed in light of the purposes of the guidelines and the facts of this case.

The purposes of the guidelines are to reduce prison overcrowding while protecting public safety by creating a distinction between more serious and less serious offenders. *Chiles v. State*, 254 Kan. 888, 901, 869 P. 2d 707, *cert. denied* 130 L. Ed. 2d 88 (1994). An additional purpose is to "establish equity among like offenders in typical case scenarios." Kansas Sentencing Guidelines Desk Reference Manual, p. 9 (1994). Heath does not present the typical case. Therefore, the sentencing court was not at liberty to disregard prior offenses but was justified in giving the age of the prior offenses weight in sentencing.

This court holds that, given the nonviolent nature of Heath's current offense and the purpose of the guidelines, the sentencing court did not err as a matter of law when it considered the age of the offenses which made up Heath's criminal history to be a substantial and compelling reason to depart from the presumptive sentence.

### Testimony of victim's parents as mitigating factor.

The State submits that the statements made by the victim's parents at the departure hearing and in the "Victim Statement" are not a substantial and compelling reason for departure, nor should they be recognized as a mitigating factor in sentencing, while Heath argues that the guidelines embrace victim participation at a departure hearing and it is proper for a trial court to consider the victim's statements and testimony. We hold testimony or evidence from the victims or their families may provide a substantial and compelling reason for departure.

The role of the victim in the criminal justice system has substantially increased in the past few years. The Kansas Constitution, in Article 15, § 15 provides that victims of crime have a right "to be heard at sentencing or at any other time deemed appropriate by the court." K.S.A. 1993 Supp. 21-4718(a)(1) provides that with regard to a sentence departure hearing, "[t]he victim of a crime or the victim's family shall be notified of the right to be present at the hearing." This statute further requires that "[t]he court shall review the victim impact statement."

K.S.A. 1993 Supp. 21-4716(c) provides:

"In determining aggravating or mitigating circumstances, the court shall consider:
(1) Any evidence received during the proceeding;
(2) the presentence report;
(3) written briefs and oral arguments of either the state or counsel for the defendant; and
(4) any other evidence relevant to such aggravating or mitigating circumstances that the court finds trustworthy and reliable."

Based upon these constitutional and statutory mandates, we hold the trial court may consider the statements of crime victims or their

families as evidence of either aggravating or mitigating circumstances.

The facts of this case give the statements of the victim's parents reliability and trustworthiness. Heath had worked with the victim for two years preceding the accident. On the day of the accident, the two were working together on a construction site in Wichita. They made a daily commute together from Hutchinson to Wichita to get to work. In addition to their working relationship, Heath and the victim were also social friends. After leaving work on the day of the accident, they went to a tavern adjacent to the work area and had a couple of beers. After driving 25 to 35 miles back to Hutchinson, Heath swerved to miss an object—a piece of a tire—in the roadway, causing the car to slide off the road into a utility pole.

Other events in this case also demonstrate the support the victim's family showed for Heath. The day Heath was released from the hospital, the victim's parents came to his residence, at which time he promised them he would never drink alcoholic beverages again. The victim's sister also visited Heath after he was released from the hospital and showed her support by sitting beside Heath's wife at the preliminary hearing. Last, before entering the courtroom on the day of the departure hearing, the victim's mother came up to Heath, hugged him, and told him he needed to take care of his family.

Finally, Heath also showed remorse for what he had done. He continuously recognized his responsibility in causing the death of his close friend, Kord Cole. Heath's parents and his brother had died prior to the accident, so he testified he knew the pain and the hurt the victim's family were going through and he was sorry he caused it. Further, Heath testified he had not consumed alcohol since the accident, and he assured the court he could realistically live up to his pledge of abstinence from alcohol.

We find the statements of the victim's family constitute substantial competent evidence supporting the trial court's reasons justifying departure. We also find the statements of the victim's family constitute substantial and compelling reasons for departure as a matter of law.

### *Trial court's statements on severity level 5 crimes.*

The last reason stated by the trial court for a dispositional departure was the observation that of all the severity level 5 crimes, Heath's charge did not require an intent to injure. The State argues: (1) the violation of the separation of powers between the judiciary and the legislature; (2) prejudice based on the trial court's dislike of the sentencing guidelines; and (3) the court's incorrect ranking of involuntary manslaughter as a severity level 5 felony.

The State correctly argues that a trial court's belief the sentencing guidelines have incorrectly classified a crime is not a substantial and compelling reason to justify a departure sentence. A trial court cannot determine on its own accord what it considers the proper severity level for a crime. Such an action would violate the separation of powers doctrine.

"The legislature has the exclusive role of providing for the punishment of convicted criminals. *State v. Reed*, 248 Kan. 792, 798, 811 P.2d 1163 (1991). It follows that the legislature has the power to enact legislation reducing the punishment of convicted criminals or granting leniency to them. The legislative power to punish convicted criminals is controlled only the Constitutions of the United States and of the State of Kansas." *Chiles v. State*, 254 Kan. at 897.

"The power to prescribe the penalty to be imposed for the commission of a crime rests exclusively with the legislature, not the courts." *State v. Keeley*, 236 Kan. 555, 560, 694 P.2d 422 (1985).

A general dislike of the sentencing guidelines does not, however, create the situation of partiality, prejudice, oppression, or corruption. Such a situation may present itself where the trial court blatantly disregards a statute, but not where the court takes the proper procedural avenue to depart from the sentence.

Even though the trial court may have a general dislike for the sentencing guidelines, it followed proper procedure under the guidelines. The trial court correctly classified Heath's crime of involuntary manslaughter to be a severity level 5 crime. The court also correctly determined Heath's criminal history. The court then properly sentenced Heath within the presumptive sentence range of the sentences in the 5-D box on the grid—50 months. Last, the court granted a dispositional departure based on the substantial and compelling reasons that: (1) Heath's prior person felony was

over 16 years old and (2) the victim's family had strong feelings concerning nonimprisonment. We find the court's statements concerning the sentencing guidelines constitute neither a proper basis for departure nor a sufficient reason for reversal. The first two reasons given for the departure are substantial and compelling reasons, although the third is not.

Affirmed.