(236 P.3d 568)
No. 102,233

STATE OF KANSAS, *Appellant*, v. MATTHEW M. HINES, *Appellee*.

Opinion filed August 6, 2010.

*Matt J. Maloney*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Steve Six*, attorney general, for appellant.

*Janine Cox*, deputy appellate defender, of Kansas Appellate Defender Office, for appellee.

Before STANDRIDGE, P.J., GREEN and HILL, JJ.

GREEN, J.: Matthew M. Hines pled guilty to attempted second-degree murder and aggravated battery of his wife, Charmaine Hines. The two convictions presumptively required a minimum prison term of 61-71 months or a maximum prison term of 99-114 months. The trial court determined that Charmaine's request for leniency was a substantial and compelling reason for departing from the statutory prison term and imposed a prison term of 24 months for each conviction and ordered that the two sentences be

served concurrently. On appeal, the State contends that the trial court inappropriately considered a factor that was not substantial and compellingCharmaine's request for leniency. We agree. As a result, we reverse and remand to the trial court for resentencing.

The facts of this case are largely undisputed. One summer day in 2008, Hines and Charmaine got into an argument about a man that she had been allegedly seeing. After Charmaine asked for a divorce, Hines began choking her. Hines was interrupted when one of their children walked into the couple's bedroom. Hines resumed choking Charmaine after the child left the bedroom. When the child returned to the bedroom a second time, Charmaine bolted out of the home. Nevertheless, when she attempted to run to a neighbor's house for help, Hines caught her. He then cut Charmaine's neck with a box cutter which he had retrieved from his vehicle and fled from the scene in his vehicle.

Hines was initially charged with one count of attempted first-degree murder. The information was later amended to include one count of aggravated kidnapping and two counts of domestic battery.

Before trial, Hines and the State reached an agreement regarding the disposition of this case. In exchange for his plea of guilty to the charges of attempted second-degree murder and aggravated battery, the State agreed to dismiss the other charges. The agreement was as follows: the State would ask for the top number in the appropriate grid box for each count, would ask that the two counts be run consecutively, and would ask the trial court to follow the presumption of prison. In contrast, Hines was free to argue for a dispositional sentence of probation and for the low number in the appropriate grid box. Under the terms of the plea agreement, Hines was not to ask for either a durational departure or concurrent sentences.

Under the plea agreement, Hines moved for a dispositional departure sentence. At the sentencing hearing, Charmaine spoke and asked the trial court to impose probation. Charmaine opined that Hines "really wasn't trying to harm me" and that his children needed him. The trial court denied the motion for dispositional departure, finding that probation would not be an appropriate sen-

tence. Nevertheless, the trial court did depart from the plea agreement and imposed a downward durational sentence of 24 months' imprisonment for each conviction, with the two sentences to run concurrently. Hines was also given a 36-month term of postrelease supervision.

*Did the Trial Court Err When It Imposed a Downward Durational Departure Sentence?*

On appeal, the State contends that the trial court's sentencing decision was based solely on the victim's testimony and request for leniency at the sentencing hearing. As a result, the State contends that the trial court inappropriately considered a factor that was not substantial and compelling.

Interpretation of a sentencing statute is a question of law, and an appellate court's standard of review is unlimited. *State v. Gracey*, 288 Kan. 252, 257, 200 P.3d 1275 (2009). Appellate review of a departure sentence is limited to whether the sentencing court's findings of fact and reasons justifying a departure (1) are supported by substantial competent evidence in the record and (2) constitute substantial and compelling reasons for a departure. *State v. Blackmon*, 285 Kan. 719, 724, 176 P.3d 160 (2008).

Whether the facts relied upon by the sentencing court constitute substantial and compelling reasons for a departure is a question of law, providing an appellate court with unlimited review. *State v. Martin*, 285 Kan. 735, 739, 175 P.3d 832 (2008). The sentencing court must state on the record at the time of sentencing the substantial and compelling reasons for the departure. K.S.A. 21-4716(a). The court's comments when the sentence is pronounced govern as to the reasons for departure. *Blackmon*, 285 Kan. at 729.

Charmaine asked the court to grant Hines probation, stating, "I'm not saying that what he did wasn't wrong, but I feel like he really wasn't trying to harm me." Charmaine went on to mention the couple's children and noted that Hines was "a loving father." After Charmaine testified, Hines' counsel noted that the couple was separated, and this was not a case where they had reconciled and were attempting to carry on with their marriage. Although the trial court mentioned "all the facts and circumstances of the case"

when entering the departure sentence, the trial court clarified that the "substantial and compelling [reason] to enter a durational departure" was that Charmaine appeared at the hearing and requested leniency. The fact that leniency was requested is clearly shown in the transcript from the sentencing hearing. Accordingly, this court must determine whether the victim's request for leniency is a "substantial and compelling" reason under the statute.

K.S.A. 21-4716(c) sets out the nonexclusive statutory factors which may justify a departure sentence. In addition to the factors specifically enumerated in the statute, sentencing courts may consider other, nonstatutory, factors when imposing a departure sentence, as long as there is evidence in the record to support such factors and the use of the factors would be consistent with the intent and purposes of the sentencing guidelines. As long as one factor relied upon by the sentencing court is substantial and compelling, the departure sentence should be upheld. *Blackmon*, 285 Kan. at 725.

Because the meaning of the phrase "substantial and compelling" is not readily apparent, judicial construction is appropriate. In *State v. McKay*, 271 Kan. 725, 728, 26 P.3d 58 (2001), our Supreme Court stated: "The term 'substantial' refers to something that is real, not imagined; something with substance and not ephemeral. The term 'compelling' implies that the court is forced, by the facts of the case, to leave the status quo or go beyond what is ordinary." Based on these definitions, it is clear that the words "substantial and compelling" require a real and forceful reason for granting a departure sentence. Moreover, the legislature did not intend sentencing judges to grant a departure sentence for a reason that fell short of the previously mentioned definitions.

Although this court has stated in at least two decisions that testimony or evidence from a victim or his or her family may furnish a substantial and compelling reason for a departure, these cases are distinguishable from the present case. For example, in *State v. Heath*, 21 Kan. App. 2d 410, 901 P.2d 29 (1995), Heath pled no contest to a charge of involuntary manslaughter, a severity level 5 person felony. This court determined that the testimony or evidence from a victim or his or her family may furnish a substantial

and compelling reason for departure. In *Heath*, the defendant was driving under the influence of alcohol when he was involved in an accident in which his passenger was killed. At the sentencing hearing, both of the victim's parents asked the court for leniency, specifically requesting that the defendant be given probation. In upholding the sentence, this court noted that both the Kansas Constitution and various statutes allow victims or their families to participate in the sentencing process, and that the statements made during the sentencing process may constitute substantial and compelling reasons for departure as a matter of law. 21 Kan. App. 2d at 416-17.

Nevertheless, *Heath* is clearly distinguishable from this case because the defendant's conduct in *Heath*, in causing his passenger to be killed, was an unintentional killing of a human being. See K.S.A. 21-3404. In contrast, Hines' conduct was obviously intentional. See K.S.A. 21-3402(a).

Further, in *State v. Stanley*, No. 98,261, unpublished opinion filed July 25, 2008, this court considered a case where the trial court had granted a downward durational departure sentence after the defendant had been convicted of aggravated indecent liberties with a child. The trial court imposed the departure sentence based on a letter submitted by the victim. In the letter, the victim asked that the defendant be sentenced to probation because she felt that she had "encouraged" the sexual encounter. Slip op. at 2. The trial court reduced the defendant's sentence from the 102-month presumptive sentence to 60 months' imprisonment. In affirming the sentence, this court noted that, in addition to other things, the victim's request for leniency could be a substantial and compelling reason for the departure sentence.

Similarly, *Stanley* is distinguishable from this case because the victim felt she had "encouraged" the criminal conduct. Moreover, there is no evidence that the victim was physically harmed by the criminal conduct. On the other hand, Hines' conduct was intended to inflict serious bodily injury on Charmaine. A further distinction between the facts in *Heath* and *Stanley* is that Hines had time to think before he cut his wife's neck and chest with the box cutter. For example, there is evidence in the record that before Hines cut

Charmaine's neck and chest, Hines had to first retrieve the box cutter from his vehicle. As a result, the facts in this case are far different from those in *Heath* and *Stanley*.

In *McKay*, our Supreme Court stated that sentencing judges should be guided by the following criteria in determining whether the departure factors cited by the court are substantial and compelling reasons for imposing a departure sentence: (1) the offense of conviction, (2) the defendant's criminal history, ånd (3) the purposes of the sentencing guidelines. 271 Kan. at 728.

As to Hines' convictions, there was substantial evidence that Hines attempted to murder Charmaine in two different ways: by twice choking her and by cutting her neck twice with a box cutter. Moreover, the evidence showed that Hines chased Charmaine down after she briefly escaped from Hines' physical attacks. In addition, the evidence clearly shows that Hines committed the offense of aggravated battery against Charmaine. As stated earlier, the clear legislative intent of the sentencing guidelines is to insure that offenders who commit violent crimes against people receive the prescribed sentences unless there is a real and forceful reason for granting a departure sentence.

The legislature's imposition of presumptive sentences for certain crimes against people reflects the legislature's desire that the length of the sentences contained in the various statutes be sufficient to discipline the offender, to protect society, to deter others from committing such crimes, and to reform the offender. Here, it seems that Hines' motive for assaulting Charmaine was based on his feelings of anger towards her. Anger and betrayal can be deadly emotions in our society. Although the law does not punish one's feelings of anger and betrayal, the law punishes the criminal act which is prompted by these feelings. Here, there is no showing in the record that Hines' uncontrolled anger, which precipitated his rash behavior in attacking his wife, has been brought under control. We note that Hines was participating in anger management treatment at the time of sentencing. Hines' willingness to seek anger management treatment shows potential for his reformation. Our laws, however, are concerned not only with redeeming the of-

fender, but, as stated earlier, also with protecting society and deterring others from committing crimes like the ones in this case.

Based on the facts presented, the evidence clearly showed that Hines intended to kill Charmaine. Moreover, there has been no showing that society will be protected by the concurrent departure sentences of 24 months or that these concurrent departure sentences of 24 months will deter others from committing crimes like the ones in this case. We determine, therefore, that the reason advanced by the district court—Charmaine's request for leniency—was not a substantial and compelling reason for granting departure sentences under the facts of this case. Charmaine's request for leniency does not mitigate Hines' culpability. As a result, we reverse the durational departure and remand to the trial court for resentencing.

Reversed and remanded with directions.