NOT DESIGNATED FOR PUBLICATION

No. 120,435

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ERIC WADE CARLSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Nemaha District Court; JAMES A. PATTON, judge. Opinion filed December 27, 2019. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Brad M. Lippert*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., LEBEN and SCHROEDER, JJ.

PER CURIAM: Eric Wade Carlson appeals his sentence after pleading no contest to charges of aggravated indecent liberties with a child and sexual exploitation of a child, both off-grid person felonies with a minimum prison sentence of 25 years each—with no chance of parole for 25 years. Carlson requested a departure to the sentencing grid on both charges and for an additional durational and dispositional departure, arguing mitigating circumstances existed to warrant departure. The district court ultimately denied Carlson's motion and sentenced him to two consecutive life sentences without the possibility of parole for a total of 50 years. Finding no error, we affirm.

1

FACTUAL AND PROCEDURAL HISTORY

Carlson was charged with one count of aggravated indecent liberties with a child and two counts of sexual exploitation of a child. According to a law enforcement affidavit accompanying the complaint, Facebook had flagged a conversation between two users—Carlson and Roy Tidwell—on its Messenger application that indicated production of child pornography and the possible sexual assault of B.P., a 4-year-old girl. After investigators arrested Tidwell, he voluntary confessed to taking nude photos of B.P., including photos of the child's privates being touched and penetrated by an adult-sized hand. Tidwell also admitted to sending those pictures to Carlson and continuing to exchange messages discussing B.P. between August and October 2017.

After the investigators arrested Carlson, he voluntary admitted to asking Tidwell to take and send the sexually explicit photographs of B.P. Carlson also identified his brother's ex-girlfriend's daughter—who was one or two years old at the time—as another victim. Carlson had asked to babysit this child after Tidwell lost access to B.P. After picking the child up from her mother, Carlson brought her back to his house where Tidwell was waiting. Carlson admitted to rubbing the child's privates while he masturbated with his other hand, and he admitted to taking photos—as did Tidwell. They were both alone for a period of time with the child and then compared the pictures they took. Tidwell later confessed to similar conduct with the child.

After being arrested and charged, Carlson agreed to enter a no contest plea to one count of aggravated indecent liberties with a child and one count of sexual exploitation of a child. The State agreed to dismiss the remaining charge for sexual exploitation of a child. The State also agreed not to oppose Carlson's request for the sentences to run concurrent, but it made no other agreements with Carlson about sentencing.

Prior to sentencing, Carlson requested to be sentenced to a severity level 3 person felony on the aggravated indecent liberties charge and a severity level 5 person felony on the sexual exploitation of a child charge rather than be sentenced to the mandatory Jessica's Law sentence of life in prison, with a minimum of 25 years for each conviction. See *State v. Spencer*, 291 Kan. 796, 827, 248 P.3d 256 (2011) (approving the practice of converting a Jessica's Law sentence to the grid by placing it at the severity level dictated by the crime-defining statute less the element of the defendant's and victim's age disparity when departing from the mandatory sentence under K.S.A. 21-4643(d) [now K.S.A. 2018 Supp. 21-6627(d)]). Given his criminal history score of I, the guidelines called for sentences of 55 months and 31 months respectively. Carlson also requested an additional downward durational departure to 175 days, credit for time served, and a dispositional departure to probation.

In his written motion and at the sentencing, Carlson argued that substantial and compelling reasons to depart existed, because:

a. He had a minimal criminal history, consisting of only a misdemeanor juvenile conviction for criminal damage to property from 2006.

b. The degree of harm was less than that inflicted by Tidwell because Carlson had only molested one child victim.

c. He is 27 years of age and "would like a life after serving his sentence."

d. He showed remorse, took responsibility for his actions, did not require the victim to appear in court, and is unlikely to reoffend.

e. He was sexually abused as a child by an older brother, causing post-traumatic stress disorder (PTSD) and adjustment disorder with depressive mood.

f. He would be subject to lifetime supervision, which is itself a lifetime sentence.

3

The State "adamantly object[ed]" to Carlson's departure motion, arguing that the facts of the case were "extremely disturbing" and "a prime case why [Jessica's Law] needs to be imposed." The State requested the district court to impose a hard 25 sentence for each offense but did not oppose running the sentences concurrent.

The district court asked Carlson if he had any additional statements or evidence to present, and Carlson declined to respond. The court then noted:

> "Well, with regard to the dispositional and durational departure, the Court has reviewed the facts and evidence and has reviewed the facts cited in the motion, specifically that you have appreciably no prior criminal history. You're young and you've taken responsibility for the conviction or for the offenses, and the Court has heard the evidence from the State in this particular case of the graphic nature of these activities."

Next, the district court denied the departure, finding "that all requirements necessary for sentencing have been met," and then sentencing Carlson to life in prison with a mandatory minimum term of 25 years on each count. When discussing the decision to require that Carlson serve the sentences consecutively, the court noted:

> "I'll be honest with you[.] I've been on the bench 24 years and defended cases for 19 years and the conduct involved in this [case] probably rates in the top five worst cases I've ever been associated with. It's hard to rank this kind of behavior as being worse than one of the others, but I can tell you there's absolutely no place in a polite or proper society for this kind of conduct."

Carlson timely appeals.

ANALYSIS

Carlson argues the district court erred in denying his motion for a departure, asking this court to vacate his sentence and remand for resentencing. He contends that the district court abused its discretion by ignoring the following mitigating circumstances: (1) lack of significant criminal history under K.S.A. 2017 Supp. 21-6627(d)(2)(A); (2) expressing remorse and accepting responsibility by taking a plea; (3) suffering from PTSD and adjustment disorder with depressive mood under K.S.A. 2017 Supp. 21-6627(d)(2)(B); and (4) lifetime supervision would protect the public safety.

The State contends that the district court did not abuse its discretion because Carlson fails to show that no reasonable person could agree with the court's ruling. The State asserts that the premeditated nature of Carlson's actions, the exceptionally young age of the victim, and the shocking nature in which the crimes were committed all support the court's decision to deny a departure.

*The standard of review is abuse of discretion.*

As Carlson notes, this court applies the abuse of discretion standard when reviewing a district court's decision on a departure sentence from K.S.A. 2017 Supp. 21-6627, commonly known as Jessica's Law. See *State v. Jolly*, 301 Kan. 313, 325, 342 P.3d 935 (2015). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) the decision is based on an error of law; or (3) the decision is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). As the movant, Carlson bears the burden of showing an abuse of discretion. *State v. Powell*, 308 Kan. 895, 910, 425 P.3d 309 (2018).

Although Carlson identifies the correct standard of review, he does not argue the district court committed any legal or factual error. So this court must determine only

5

whether no reasonable person could have agreed with the judge's decision. *State v. Florentin*, 297 Kan. 594, 602, 303 P.3d 263 (2013) ("[I]f only one reasonable person would agree with the district court judge, we must affirm the decision. This is a substantial burden . . . ."), *disapproved of on other grounds by Jolly*, 301 Kan. 313.

*District courts use the two-step framework from K.S.A. 2017 Supp. 21-6627(d) and* Jolly *when considering a departure in a Jessica's Law case.*

Under Jessica's Law, a defendant who is 18 years of age or older and convicted of aggravated indecent liberties under K.S.A. 2017 Supp. 21-5506(b)(3) or sexual exploitation of a child under K.S.A. 2017 Supp. 21-5510(a)(4) shall be sentenced to life in prison with a mandatory minimum term of imprisonment of at least 25 years. The crimes are not part of the Kansas Sentencing Guidelines Act (KSGA) sentencing grid. A district court may depart from the nongrid mandatory sentence to the sentencing grid sentence if it finds "substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." K.S.A. 2017 Supp. 21-6627(a)(1), (d)(1). Something is "''substantial'''" if it is "''real, not imagined; something with substance and not ephemeral," while the term "'compelling' implies that the court is forced, *by the facts of a case*, to leave the status quo or go beyond what is ordinary.'''" *Jolly*, 301 Kan. at 323.

Mitigating circumstances include, but are not limited to, whether:

"(A) The defendant has no significant history of prior criminal activity;

"(B) the crime was committed while the defendant was under the influence of extreme mental or emotional disturbances;

"(C) the victim was an accomplice in the crime committed by another person, and the defendant's participation was relatively minor;

"(D) the defendant acted under extreme distress or under the substantial domination of another person;

6

"(E) the capacity of the defendant to appreciate the criminality of the defendant's conduct or to conform the defendant's conduct to the requirements of law was substantially impaired; and

"(F) the age of the defendant at the time of the crime." K.S.A. 2017 Supp. 21-6627(d)(2).

When reviewing whether a departure to the sentencing grid is warranted in a Jessica's Law case, a district court will first review the mitigating circumstances without trying to weigh them against aggravating circumstances. Then, considering the facts of the case, the court will determine whether the mitigating circumstances rise to the level of substantial and compelling reasons to depart from the otherwise mandatory sentence. 301 Kan. at 324. While mitigating circumstances are necessary for a finding of substantial and compelling reasons to depart, mitigating circumstances do not *automatically* warrant a departure. 301 Kan. at 323. The statute requires a court to state its reasons for granting a departure, but the court is not required to make findings or state its reasons for *denying* a departure request under Jessica's Law. See K.S.A. 2017 Supp. 21-6627(d)(1); *State v. Dull*, 298 Kan. 832, 842, 317 P.3d 104 (2014).

*Carlson fails to show the district court abused its discretion.*

Carlson asserted several statutory and nonstatutory mitigating circumstances to justify his request for a departure sentence but only asserts four factors on appeal that he contends warranted a departure: (1) lack of significant criminal history under K.S.A. 2017 Supp. 21-6627(d)(2)(A); (2) expressing remorse and accepting responsibility by taking a plea; (3) suffering from PTSD and adjustment disorder with depressive mood, under K.S.A. 2017 Supp. 21-6627(d)(2)(B); and (4) lifetime supervision would protect the public safety.

Carlson only provides a few cases to support his claim that no reasonable person would have denied his departure request. First, Carlson suggests this court's decisions in

7

*State v. Richardson*, 20 Kan. App. 2d 932, 901 P.2d 1 (1995), and *State v. Heath*, 21 Kan. App. 2d 410, 901 P.2d 29 (1995), support his position that mitigating circumstances exist where a prior conviction is unrelated to a defendant's current offense. Second, he contends *State v. Bird*, 298 Kan. 393, 312 P.3d 1265 (2013), supports that acceptance of responsibility has been found to be a mitigating factor in other circumstances.

However, these decisions generally recognized that district courts exercise discretion when considering a departure motion under the KSGA. None involve a departure from a mandatory sentence under Jessica's Law to the KSGA sentencing grid. And moreover, even the cases cited by Carlson do not *require* a court to grant a departure based on the existence of the stated mitigating factors. See *Jolly*, 301 Kan. at 323 ("[M]itigating circumstances do not necessarily equal substantial and compelling reasons."). Many offenders have made similar arguments in similar Jessica Law cases and been denied relief. See, e.g., *State v. Harsh*, 293 Kan. 585, 587-88, 265 P.3d 1161 (2011) (upholding denial of departure motion despite defendant's claims, in part, that his criminal history was unrelated to the current offense and that he accepted responsibility for his actions by pleading guilty); *State v. Whorton*, 292 Kan. 472, 475-76, 254 P.3d 1268 (2011) (finding district court considered mitigating factor of defendant's criminal history score of I and upholding departure denial).

Likewise, a reasonable person could agree with the district court's decision to deny Carlson's departure motion. In considering Carlson's motion, the court not only directly mentioned Carlson's lack of significant criminal history, his age, and the fact that he had taken responsibility for his offenses, but also found that all the requirements for sentencing had been met and concluded that departure was not warranted. The court later noted it had reviewed the facts and evidence of the charges, as well as the factors presented in Carlson's departure motion, when deciding to impose consecutive sentences. A reasonable person could agree with the court's resolution of the mitigating factors presented considering the particularly shocking facts of the case.

In sum, Carlson fails to show that the district court abused its discretion in denying his motion to depart from his Jessica's Law sentence to the KSGA. Because the court did not err in denying that foundational departure, we need not address Carlson's request to further depart from the sentencing grid.

Affirmed.