NOT DESIGNATED FOR PUBLICATION

No. 128,549

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

MELANIE M. MICHAEL,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; KEITH SCHROEDER, judge. Submitted without oral argument. Opinion filed January 9, 2026. Affirmed.

*Brian Koch*, assistant district attorney, *Thomas Stanton*, district attorney, and *Kris W. Kobach*, attorney general, for appellant.

No appearance by appellee.

Before PICKERING, P.J., SCHROEDER and HURST, JJ.

SCHROEDER, J.: The State timely appeals from the district court's decision to grant Melanie M. Michael a dispositional departure to probation following her convictions for one count each of possession of more than 100 grams of methamphetamine with the intent to distribute, conspiracy to distribute more than 100 grams of methamphetamine, and using a communication facility to facilitate a drug transaction. The State argues the district court abused its discretion. The State does not allege the district court based its decision on an error of fact, and we are unpersuaded the district court committed an error

of law or that its decision was otherwise unreasonable. Accordingly, we observe no abuse of discretion and affirm the sentence imposed.

FACTUAL AND PROCEDURAL BACKGROUND

In March 2022, a postal inspector made a controlled delivery of a package containing approximately 4.8 kilograms of methamphetamine to an address in Hutchinson. This resulted in law enforcement obtaining and executing a search warrant at that address and ultimately arresting Chelsea Pope. The officers subsequently learned Michael had traveled to California to obtain the methamphetamine and Pope allowed Michael to send her the package. Michael was arrested on April 11, 2022, and posted a $110,000 surety bond the following day. During the pendency of the proceedings below, Michael had no bond violations.

In August 2024, pursuant to a plea agreement, Michael pled guilty to possession of methamphetamine in excess of 100 grams with the intent to distribute, conspiracy to distribute methamphetamine in excess of 100 grams, and use of a telecommunication facility to facilitate a felony drug transaction. In exchange for Michael's plea, the State dismissed five other drug-related charges and agreed to recommend the mitigated number in the appropriate drug felony grid box as well as concurrent sentences. Michael was free to argue for a dispositional departure to probation or a downward durational departure at sentencing. The district court accepted Michael's pleas, found there was a sufficient factual basis, and convicted her accordingly.

Prior to sentencing, Michael filed a motion for dispositional departure to probation, arguing, among other reasons, a departure was warranted based on her lack of any criminal history, her successful performance on bond through the pendency of the case for more than two years, and her acceptance of responsibility as shown by entering guilty pleas to the charges specified in the plea agreement. At sentencing in October

2024, the district court granted Michael's request for a dispositional departure based on those same factors, noting she had no additional arrests along with the fact the crime seemed out of character given she was over 40 years old with no criminal history. The district court ordered Michael's sentences to run concurrent, for an underlying sentence of 154 months' imprisonment, suspended to 36 months' supervised probation.

In explaining its decision, the district court made several findings. First, it noted:

"The mitigated circumstances [are] you have no prior criminal history. You don't even have a prior possession of drug paraphernalia or open container charge. You have nothing on your record. And that is hard to overlook. This seems to be out of character.

"During the pendency of this case you posted the $110,000.00 cash—no, not cash bond, surety bond I think back on April 11th of 2022 so well over two and-a-half years ago. I've not seen any motions to revoke your bond. I've not seen anything about new arrests."

The district court further explained Michael accepted responsibility for her actions by entering guilty pleas. Yet, it did not reach its decision lightly, stating:

"I guarantee you if you had a prior criminal history like I've seen before, quite frankly, if you hadn't taken accountability by entering a plea and you'd gone to trial, I wouldn't even be weighing whether I have compelling reasons to depart. With the lack of the criminal history, the accepting accountability, still seventeen pounds of methamphetamine."

The district court acknowledged its decision was a close call but ultimately decided to grant the departure, explaining:

"Seventeen pounds of methamphetamine tells me you should do this sentence, but I got to be honest, I do see substantial and compelling reasons based on the fact that you have no prior criminal history and that you pled to this case without going to jury trial and took

some accountability. Other reasons listed in [the departure] motion, the fact that for the past two and-a-half years we haven't had any problems whatsoever with you, not a, nothing. You did get [a drug and alcohol] evaluation.

"I've made dumb decisions in the past, I'll make dumb decisions in the future, but I'm going to grant your departure motion. I'm going to place you on community corrections supervision for a period of 36 months."

The district court further cautioned Michael, stating:

"I did not come to this lightly, Ms. Michael. Seventeen pounds of methamphetamine is enough, enough almost to pull me the other way to reject this [departure motion], but you get to make the determination at this point whether or not you're going to serve that sentence. The fact I departed means I don't have to look at any graduated sanctions. I don't have to give you a 48-hour sanction, a thirty-day sanction, or a sixty-day sanction. I'm sticking my neck out and if you can't do everything community corrections tells you they want you to do or you get in anymore trouble, you're not going to get a second chance."

To further emphasize its point, the district court handed Michael's attorney an unsigned commitment order to the Kansas Department of Corrections it had filled out prior to the sentencing hearing in case it decided to deny her departure motion. The district court told Michael, "I'll let you keep that so you can—if you don't do what you're supposed to do on community corrections next time I'll sign it." Additional facts are set forth as necessary.

ANALYSIS

*Standard of Review and Applicable Legal Principles*

Appellate courts review a district court's decision to grant a departure request for an abuse of discretion. *State v. Morley*, 312 Kan. 702, 711, 479 P.3d 928 (2021). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Younger*, 320 Kan. 98, 137-38, 564 P.3d 744 (2025).

When considering departures granted under the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-6801, et seq., our review is limited to determining "whether the sentencing court's findings of fact and reasons justifying a departure: (1) [a]re supported by the evidence in the record; and (2) constitute substantial and compelling reasons for departure." K.S.A. 21-6820(d). In doing so, we follow a three-step framework to determine (1) whether the court's reliance on a nonstatutory factor, if any, was guided by an erroneous legal conclusion using an unlimited standard of review; "(2) whether substantial competent evidence supported the factual finding that the factor existed, i.e., an error of fact; and (3) whether a reasonable person would have taken the view adopted by the sentencing court." *Morley*, 312 Kan. at 711. We do not reweigh the evidence underlying the district court's decision. Instead, we review the record for substantial competent evidence. This does not require the evidence *prove* a fact; rather, it requires sufficient evidence to *support* the district court's findings. 312 Kan. at 711-12.

*Discussion*

The State, in its plea agreement, agreed Michael could ask for a dispositional or durational departure sentence. On appeal, the State now argues the district court abused its discretion in granting Michael's request for a dispositional departure based on (1) her

lack of any criminal history, suggesting the crime was out of character, given she was over 40 years old at the time; (2) her successful performance on bond for approximately 30 months while the case was pending, having no alleged bond violations or new arrests; and (3) her acceptance of responsibility by entering a plea. The State acknowledges substantial competent evidence supports the existence of each factor; thus, there is no error of fact. It is unclear whether the State is, in fact, arguing the district court erred as a matter of law in relying on some or all of these factors. We perceive from the State's briefing it believes no reasonable person would have agreed with the district court. We find the State's arguments unpersuasive.

When deciding whether to depart, the district court must consider the various factors within the overall circumstances of the case. It is well established that any factor *or combination of factors* may support the decision to depart. That is, even if one factor alone may not be a compelling reason to depart, it may justify a departure in conjunction with other factors. See *State v. Bird*, 298 Kan. 393, 397-98, 312 P.3d 1265 (2013).

Without meaningful explanation, the State claims the facts here are distinguishable from those discussed in *State v. Carriker*, No. 114,655, 2017 WL 2021411, at *9 (Kan. App. 2017) (unpublished opinion), wherein another panel of our court affirmed a dispositional departure. However, the State acknowledges some of the departure factors in *Carriker* were like those relied on here—Michael had no new charges or other bond violations for 30 months, and she had no prior criminal history. See 2017 WL 2021411, at *9.

The State first argues the district court erred in relying on Michael's lack of criminal history because criminal history is already accounted for in the sentences established under the KSGA. Viewed alone, this factor would not be a proper basis to depart. See *State v. Richardson*, 20 Kan. App. 2d 932, 941, 901 P.2d 1 (1995). However, within the overall circumstances of this case, it supports the district court's conclusion.

Relevant here was not just that Michael had no criminal history, but also she was over 40 years old at the time of sentencing and had been on bond with no violations for 30 months.

Other panels of our court have found the age of a defendant's criminal history and the nature of the current and past offenses are appropriate considerations in granting a departure. See *State v. Heath*, 21 Kan. App. 2d 410, 415-16, 901 P.2d 29 (1995). We apply a similar rationale here. The significance of Michael's lack of criminal history was that the offenses were out of character for her as an otherwise law-abiding citizen for decades before her crimes and roughly 30 months after she was arrested and granted bond. The district court even noted as much, stating, "This seems to be out of character." We find this factor was appropriate for the district court to consider within the overall circumstances of the case.

The dissent criticizes the district court's consideration of Michael's lack of criminal history, but, as we have explained, this factor was relevant given the overall circumstances of the case. Moreover, while the district court only needed to rely on one factor, it cited three. See *State v. Blackmon*, 285 Kan. 719, 725, 176 P.3d 160 (2008). The dissent seemingly takes issue with the weight it believes the district court gave to the various factors. But our Supreme Court criticized another panel of this court for substituting its factual analysis for that of the district court, reminding us that reweighing the evidence is not the function of the appellate court. *Morley*, 312 Kan. at 713.

The State next argues it was improper to rely on Michael's successful performance on bond because following the law is a basic expectation. The relevance of this factor reflects Michael's conduct after being charged in this case was consistent with her decades-long law-abiding behavior prior to committing these offenses. Further, Michael's bond was $110,000, and she succeeded on bond for 30 months. In other words, Michael demonstrated her ability to successfully follow court orders for a long period of time

7

while facing serious consequences if she failed, reflecting she was more likely than not to succeed on probation.

The district court drew a reasonable inference from all of the circumstances. Michael had been a law-abiding citizen her entire life but for the current offenses. She was able to stay out of trouble for roughly 30 months on bond while facing a hefty financial consequence if she did not. Given Michael's past and present behavior, the district court recognized Michael as a good candidate to succeed on probation for 36 months to avoid a potential 154 months' imprisonment. The district court's reliance on this factor was appropriate under all of the circumstances.

The dissent takes issue with the district court's reliance on this factor, particularly because the conditions of bond are not in the record on appeal. However, the State repeatedly acknowledged at sentencing that Michael had followed the conditions of bond. And now, on appeal, the State does not dispute Michael complied with the conditions of bond. Essentially, this is an undisputed point the dissent raises sua sponte and improperly faults Michael for the State's actions—or lack of action—in creating a sufficient record below and designating a sufficient record on appeal. The State, as the appellant, has a duty to furnish a sufficient record to support its claims of error. See *State v. Liles*, 313 Kan. 772, 783, 490 P.3d 1206 (2021); Supreme Court Rule 6.02(a)(4) and (a)(5) (2025 Kan. S. Ct. R. at 36). Without such a record, an appellate court presumes the district court's action was proper. *State v. Valladarez*, 288 Kan. 671, 686, 206 P.3d 879 (2009).

Additionally, any perceived lack of findings at sentencing is a problem the State created by not requesting additional findings or objecting to a lack of findings. As the aggrieved party, it was incumbent upon the State, as the party claiming error, to request additional findings or object to a lack of findings. See *State v. Espinoza*, 311 Kan. 435, 436-37, 462 P.3d 159 (2020). When no objection is made to a district court's findings of fact or conclusions of law on the basis of inadequacy, "an appellate court can presume the

district court found all facts necessary to support its judgment." *State v. Sanders*, 310 Kan. 279, 290, 445 P.3d 1144 (2019). We cannot fault Michael on this point.

Finally, the State argues the district court erred in relying on Michael's acceptance of responsibility by entering a plea. Specifically, the State asserts Michael received a favorable plea deal resulting in the dismissal of other charges and a favorable sentencing recommendation by the State. This point by the State is an invitation to reweigh the evidence, which we cannot do. See *Morley*, 312 Kan. at 712. Ultimately, Michael accepted responsibility for the offenses agreed to by the State in the plea agreement. The extent of the conduct for which Michael accepted responsibility is a consequence of the State's deal-making in plea negotiations. The State's present dissatisfaction with the results of its decisions below does not undermine the district court's decision. A defendant's acceptance of responsibility as reflected by entering a plea is an appropriate nonstatutory factor to rely on. 312 Kan. at 711-12.

While the dissent focuses on the district court's reliance on Michael's lack of criminal history—and concludes this was the primary factor relied upon—we observe the district court noted Michael's acceptance of responsibility as the deciding factor, stating: "[Q]uite frankly, if you hadn't taken accountability by entering a plea and you'd gone to trial, I wouldn't even be weighing whether I have compelling reasons to depart." At the outset of its discussion on the factors supporting the departure, the district court referred to Michael taking accountability, noting: "And I guess one of the things that I've thought several times is back to the federal sentencing guidelines on accountability." Again, this is not a statutory factor in the KSGA but is, nonetheless, an appropriate nonstatutory factor. See *Morley*, 312 Kan. at 711-12.

As previously noted, the State contends that following the law is a basic expectation on bond. This is true, and there is no dispute Michael did so here. We are likewise convinced the district court followed the law under K.S.A. 21-6815(a) and (c)(1)

and K.S.A. 21-6820(d). It appropriately considered the specific facts of this case; relied on proper nonstatutory factors; and provided a thorough, well-reasoned explanation for its decision. See *Morley*, 312 Kan. at 711-12; *Bird*, 298 Kan. at 397-98. We, too, must follow the law and, thus, decline the State's invitation to reweigh the evidence underlying the district court's decision. See *Morley*, 312 Kan. at 712. In addition, we also recognize the purposes of the KSGA are to reduce the prison population and to protect public safety. *Heath*, 21 Kan. App. 2d at 415. And here, the district court recognized Michael was a good candidate to fulfill this objective.

Viewing the factors as a whole—although, again, the district court only needed one factor to support its decision—within the overall circumstances of the case, we observe no error of fact or law, nor do we find that no reasonable person would agree with the district court's decision. See *Blackmon*, 285 Kan. at 725. Thus, we find no abuse of discretion and affirm the district court's decision to grant Michael a dispositional departure to supervised probation.

Affirmed.

* * *

HURST, J.: I respectfully dissent. The district court erred in relying on Michael's lack of criminal history to depart from the presumptive prison sentence and failed to demonstrate sufficient factual support for reliance on any other cited factor alone and thus I would reverse and remand for resentencing.

While the district court has discretion in its sentencing decision—such discretion is not unfettered—it remains bound by the applicable legal framework. This legal boundary includes the statutory framework in the Kansas Sentencing Guidelines Act (KSGA), which requires the court to impose the presumptive sentence unless it finds substantial and compelling reasons to depart. K.S.A. 21-6815(a). The KSGA includes a

nonexclusive list of permissible mitigating factors, meaning the court can consider those and other appropriate factors. K.S.A. 21-6815(c)(1). Here, the district court cited three nonstatutory factors for its decision: (1) Michael's lack of criminal history; (2) Michael's acceptance of responsibility through a plea agreement; and (3) Michael's good behavior on pretrial bond release.

In reviewing a sentencing court's decision to grant a departure sentence based on a nonstatutory factor, this court must first determine whether the cited "nonstatutory factor can be a mitigating factor as a matter of law." *State v. Morley*, 312 Kan. 702, 711, 479 P.3d 928 (2021). This is a legal determination where this court applies an unlimited standard of review. If the factor is legally permissible, then this court determines whether substantial competent evidence supports the district court's finding that the factor existed, and finally, it considers whether a reasonable person would have adopted the district court's view that the factor alone or collectively with other factors the court relied on, provided a substantial and compelling reason to impose a departure sentence. 312 Kan. at 711-12.

Not every factor constitutes a substantial and compelling reason to depart from a presumptive sentence—including factors already contemplated by the Legislature through the KSGA sentencing grid. See *State v. Montgomery*, 314 Kan. 33, 39, 44, 494 P.3d 147 (2021) (explaining that a defendant's criminal history is already considered in the sentencing guidelines). Kansas courts have recognized several nonstatutory factors that may be considered when imposing a departure sentence, including acceptance of responsibility, the defendant's lack of danger to society, the victim's request for lenience, and family support, among others. See, e.g., *Morley*, 312 Kan. at 711-12 (acceptance of responsibility); *State v. Bird*, 298 Kan. 393, 398-401, 312 P.3d 1265 (2013) (acceptance of responsibility and evidence defendant is not a threat to society); *State v. Hines*, 296 Kan. 608, 617-19, 294 P.3d 270 (2013) (victim's request for lenience); *State v. Spencer*, 291 Kan. 796, 814, 818, 248 P.3d 256 (2011) (support of family and friends); *State v.*

11

*Favela*, 259 Kan. 215, 236, 911 P.2d 792 (1996) (differences in prior convictions); *State v. Richardson*, 20 Kan. App. 2d 932, Syl. ¶ 5, 901 P.2d 1 (1995) (passage of time since last felony committed); *State v. Heath*, 21 Kan. App. 2d 410, 415, 901 P.2d 29 (1995) (time elapsed since and relatedness of prior felonies, relying on *Richardson*); *State v. Crawford*, 21 Kan. App. 2d 859, 861, 908 P.2d 638 (1995) (defendant's age and substantial efforts at rehabilitation). Courts have also identified factors that cannot be considered substantial and compelling reasons to depart from prison to probation— including the defendant's lack of criminal history already considered in the sentencing statute. See *Montgomery*, 314 Kan. at 40 (cannot consider the difference in character of past and present offenses); *Richardson*, 20 Kan. App. 2d at 941 (cannot use defendant's criminal history).

Here, the sentencing court erroneously considered Michael's lack of criminal history as a mitigating factor. In *Richardson*, a panel of this court explained that a "defendant's criminal history cannot be used as justification for a departure sentence." 20 Kan. App. 2d at 941. The majority apparently concedes this point, citing *Richardson* and stating that Michael's criminal history, "[v]iewed alone . . . would not be a proper basis to depart." But then it makes the "significance of Michael's lack of criminal history" into a new factor: Michael's "law-abiding" nature.

Even accepting the majority's view that her offenses "were out of character," her law-abiding nature is already captured by the KSGA in her lack of criminal history. They are two sides of the same coin. The proper inquiry for assessing whether a nonstatutory factor related to criminal history is legally permissible is whether the sentencing grid already accounts for the factor. *Montgomery*, 314 Kan. at 44. The KSGA already considered Michael's lack of criminal history as part of the presumptive prison sentence—that means her presumptive prison sentence was already far less than it would have been if she had a more significant criminal history. Given Michael's lack of criminal history, the fact that she still faced presumptive prison sentences as stated in the plea

12

agreement of 138-204 months for Count 1; 132-198 months for Count 2; and 7-23 months for Count 3 demonstrates the significance of her criminal conduct here.

The majority contends that even if the district court improperly considered Michael's lack of criminal history, it is of no consequence because the court can rely on a single factor in its decision. Therefore, if the district court's other two cited factors (acceptance of responsibility and behavior on bond) are legally permissible, factually supported, and reasonable—then the district court's decision can be upheld. However, here the district court did not equally rely on the three cited factors but considered the other two in the context of Michael's lack of criminal history. In other words, the district court heavily and primarily relied on Michael's lack of criminal history as it repeatedly reverted to that factor and referenced it as part of the other factors:

> "The mitigated circumstances [are] you have no prior criminal history. You don't even have a prior possession of drug paraphernalia or open container charge. You have nothing on your record. And that is hard to overlook. This seems to be out of character. . . .

> "In order to be compelling it has to be one which forces me by the facts of the case to abandon the status quo and venture beyond the sentence normally one would impose. I guarantee you if you had a prior criminal history like I've seen before, quite frankly, if you hadn't taken accountability by entering a plea and you'd gone to trial, I wouldn't even be weighing whether I have compelling reasons to depart. With the lack of the criminal history, the accepting accountability, still seventeen pounds of methamphetamine. . . .
> "I do see substantial and compelling reasons based on the fact that you have no prior criminal history and that you pled to this case without going to jury trial and took some accountability."

The district court's focus on Michael's lack of criminal history contributed to its failure to identify substantial competent evidence for the existence of the factor or explain its reliance on the other two cited factors—impeding this court's review of their factual relevance and reasonableness under the circumstances. While courts have held

13

that acceptance of responsibility can be a legally permissible substantial and compelling reason to depart—it must also be factually supported and reasonable under the circumstances. See *Morley*, 312 Kan. at 711-12. Not every guilty plea, particularly through a plea agreement, creates a substantial and compelling reason to depart from a presumptive prison sentence to probation. Here, the district court cited no facts about the circumstances of Michael's acceptance of responsibility that made it—alone—a substantial and compelling reason to depart from a significant minimum presumptive prison sentence to probation. Frankly, the record shows that the district court did not intend to solely rely on Michael's acceptance of responsibility for its departure determination as it noted Michael "took some accountability" and then harkened back to Michael's lack of criminal history. The district court failed to show sole reliance on this factor is reasonable.

The district court also mentioned Michael's good behavior while out on bond—notably a $110,000 bond—but the transcript makes plain the court's decision rested heavily on Michael's criminal history. Once again, the sentencing court provided no facts regarding Michael's pretrial bond conditions but merely noted that the court did not see any new arrests or motions to revoke bond. The district court's apparent conclusion that Michael's "good" behavior on bond would translate to "good" behavior on probation is not factually supported if there is no evidence of the bond conditions. Therefore, I do not find substantial competent evidence supporting the existence of this factor. Finally, I note the lack of factual support without deciding whether "effort while on bond" is a legally permissible substantial and compelling reason to depart from a presumptive prison sentence.

In short, because the district court erroneously relied on Michael's lack of criminal history as its primary mitigating factor in departing from a presumptive prison sentence and imposing probation—the district court's decision is tainted by legal error. I make no determination about whether "good" behavior on bond is a legally permissible substantial

14

and compelling reason to depart, and any further analysis in this dissent would be purely advisory.

Accordingly, I dissent.